In the Matter of the Estate of CATHARINE A. VALENTINE, Deceased.

Upon reference of a claim against an estate for two loans made to the decedent, the defense was usury. The referee decided that the first loan was not upon an usurious agreement, and directed judgment therefor; the defense as to the second loan, he sustained. The Special Term confirmed the report as to the second loan, but reversed it as to the first and ordered a new trial. The order was affirmed by the General Term. The creditor appealed to this court without giving a stipulation for judgment absolute. *Held*, that the appeal from so much of the order as awarded a new trial required the stipulation, and because of failure to give it so much of the appeal was dismissed.

(Argued October 19, 1892; decided November 29, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 7, 1892, which affirmed an order of Special Term, which vacated and set aside part of a referee's report and granted a new trial as to the same, and which confirmed the other part of said report.

The following is the opinion in full:

"An alleged creditor of the deceased presented a claim against the estate for two loans of six hundred dollars each, which the administrators disputed and which thereupon were sent to a referee for a hearing and determination. Upon such hearing, the sole defense was usury. The referee decided that the first loan was not proved to have been made upon an

usurious agreement and ordered judgment for that amount with interest, but further held that the second loan was usurious and could not be recovered.   The Special Term confirmed the report as to the second loan, but reversed it as to the first and ordered a new trial.   The creditor appealed to the General Term, which affirmed the order, and again from that affirmance to this court, but without giving the required stipulation for judgment absolute.

" The appeal from so much of the order as awarded a new trial must be dismissed for that reason.   Upon the facts disclosed, we are quite strongly impressed with the view taken by the referee, but at all events the defeated creditor must take her new trial, or go without remedy for the recovery of the first loan.

" As to the second, the finding of fact concludes us, and is so supported by the evidence as to make quite immaterial the testimony which the referee struck out and as to which the creditor complains.   That some interest was lost by her through a withdrawal of the money from the savings bank might by possibility have a bearing upon the first loan which was for a year, but none upon the second which was for no defined term of credit, but was payable presently and might have been demanded at once or suffered to run for years drawing all the time interest at eight per cent.   The written memorandum, made apparently at the date of the loan and expressing its terms, could not justly be overcome by the evidence stricken out.

" The appeal from so much of the order as awards a new trial is dismissed, and the order in other respects affirmed, with costs."

*William G. Low* for appellant.

*Henry Secor, Jr.,* for respondent.

FINCH, J., reads for dismissal of appeal from so much of order as awards a new trial and for affirmance as to residue.

All concur.

Ordered accordingly.